UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GABRIEL TAYLOR,

                Petitioner,

v.

STEVEN RACETTE,

                Respondent.

DECISION AND ORDER
14-CV-312A

      This habeas corpus petition was referred to Magistrate Judge Leslie G. Foschio, pursuant to 28 U.S.C. § 636(b)(1)(B).  On September 16, 2015, Magistrate Judge Foschio filed a Report and Recommendation (Docket No. 15), recommending that the Court deny as moot Respondent's original motion to dismiss (Docket No. 8), and further recommending that the Court grant Respondent's second motion to dismiss for failure to state a claim.  Docket No. 10.  As detailed in his Report and Recommendation, Magistrate Judge Foschio recommends dismissing the petition as untimely under the Antiterrorism and Effective Death Penalty Act (AEDAP)'s one-year limitations period for filing habeas corpus petitions.  See 28 U.S.C. § 2244(d).

      For the reasons stated below, the Court agrees with Magistrate Judge Foschio that the petition is untimely and should therefore be dismissed.  However, as discussed below, the Court will issue a certificate of appealability permitting Petitioner to appeal the Court's procedural decision.

## DISCUSSION

      The Court has reviewed Magistrate Judge Foschio's Report and Recommendation, as well as the record in this case, pursuant to to 28 U.S.C. § 636(b)(1).  The Court assumes familiarity with the case's factual and procedural

background.

The only issue before the Court is whether Petitioner timely filed his petition. In general, a habeas petitioner must file his petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d). The New York Court of Appeals denied Petitioner's motion for leave to appeal on September 26, 2012, and because Petitioner did not then seek *certiorari* review from the Supreme Court, Petitioner's conviction became "final" for AEDPA purposes 90 days later, on December 26, 2012.[1] Petitioner thus had one year from December 26, 2012 to file his petition.

Petitioner signed his petition on January 27, 2014, and he placed it in the prison mailbox on February 3, 2014. Magistrate Judge Foschio concluded that Petitioner's petition was deemed filed on the latter date–February 3, 2014. *See Fernandez v. Ortiz*, 402 F.3d 111, 113-14 (2d Cir. 2005). Filings by pro se prisoners are governed by the prison mailbox rule, which states that a prisoner's legal papers "should be deemed filed from the time a prisoner delivers [them] to prison authorities for forwarding to the district court." *Fernandez v. Astrue*, 402 F.3d 111, 113 (2d Cir. 2005). *See also* Rule 3(d) of Rules Governing Section 2255 Proceedings in United States District Courts. In this case, the Court assumes that Petitioner's filing date is the date he signed his petition, rather than the day he placed the petition in the prison mailbox. See Docket 36 at 8. *See Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) ("[I]n the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing."); *Johnson v. Coombe*, 156 F.Supp.2d 273 (S.D.N.Y. 2001) ("Although it is not clear when the plaintiff gave his

---

[1] Ninety days from September 26, 2012 is December 25, 2012, but because December 25 is Christmas Day, Petitioner's conviction became "final" on the "the next day that is not a . . . . legal holiday," i.e., December 26, 2012. Fed. R. Civ. P. 6(a)(1)(C ). *See* Rule 12 of Rules Governing Section 2254 Cases in the United States District Courts ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.")

complaint to prison officials, absent evidence to the contrary, the Court assumes that [the prisoner] gave his petition to prison officials for mailing on the date he signed it.") (quotation marks and brackets omitted). That date, as noted, is January 27, 2014. *See also* Docket No. 1 at 17 ("I did file my habeas corpus petition on January 27, 2014 by placing such in the facility mail box.")

However, under either filing date–January 27, 2014 or February 3, 2014–the Court agrees with Magistrate Judge Foschio that, if Petitioner's conviction became final on December 26, 2012, the petition would be untimely.

Magistrate Judge Foschio's Report and Recommendation noted that Petitioner has not "allege[d] any basis on which the District Court may, in its discretion, equitably toll the limitation period and excuse the delayed filing of the Petition." R&R at 3. The Court agrees that, on its face, the petition does not appear to contain any basis to equitably toll AEDPA's limitations period. However, because of Petitioner's pro se status, the Court must read Petitioner's pleadings "to suggest the strongest arguments that can be made." *Weixel v. Board of Ed. of City of New York*, 287 F.3d 138, 141 (2d Cir. 2002). The Court must therefore look at whether the petition, read in a charitable light, contains any basis to equitably toll AEDPA's limitations period.

Doing so, the Court identifies one possible basis to toll the limitations period. Petitioner asserts that he "received denial of leave to appeal to the Court of Appeals on November 1, 2012." Docket No. 1 at 14. That date is 36 days after the Court of Appeals denied Petitioner's motion for leave for appeal. If AEDPA's one-year limitations period were measured from the date Petitioner asserts he actually received the Court of Appeals' denial, rather than the day that the Court of Appeals issued the denial, then Petitioner's petition, which is deemed filed on January 27, 2014, would have been timely. The record suggests that Petitioner made efforts to file his petition by January 27, 2014 based on his belief that his limitations period began running on the day he received notice from the Court of Appeals. *See* Docket No. 1-1.

A habeas petitioner may equitably toll AEDPA's limitations period "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks omitted). The Second Circuit has held that "prolonged delay by a state court in sending notice of a ruling" can constitute an "extraordinary circumstance" that equitably tolls AEDPA's limitations period. *Diaz v. Kelly*, 515 F.3d 149, 155 (2d Cir. 2008). In *Diaz v. Kelly*, for instance, the Second Circuit held that a nearly seven-month delay in a state court mailing an order was an "extraordinary circumstance." But, on the other hand, the Second Circuit has also held that a "delay occasioned by the normal course of the mail, as lengthened by a regularly scheduled holiday" is not an "extraordinary circumstance" that warrants equitably tolling ADEPA's limitations period. *Saunders v. Senkowski*, 587 F.3d 543 550-51 (2d Cir. 2009).

This is a close case. The 36-day delay in this case falls in the middle of the two extremes identified by the Second Circuit: it is not long enough to necessarily raise an inference that the Court of Appeals did not timely mail its order, but it is not short enough to reasonably infer that the delay was solely attributable to routine mailing delays. A decision denying a motion for leave to appeal to the New York Court of Appeals must be "file[d] with the clerk of the [C]ourt of [A]ppeals, immediately upon issuance." N.Y. Crim. Proc. Law § 460.20(5) (McKinney 2016). Nothing in the record suggests that that process did not occur in this case. Likewise, the record contains no explanation for the 36-day delay between the Court of Appeals issuing its decision and Petitioner's purported receipt of that decision. A 36-day delay is, perhaps, slightly longer than what might be expected to result from the combination of ordinary mailing delays and "the routine experiences of prison life." *Kravitz v. Rabsatt*, No. 9:12-CV-719 (DNH/RFT), 2014 WL 4365280, at *4 (N.D.N.Y. Aug. 28, 2014). However, the Court concludes that a 36-day delay is not "prolonged," nor, under the circumstances, is it

"[un]reasonable." *Diaz*, 515 F.3d at 155.  In other words, absent evidence that Petitioner's delay in receiving notice from the Court of Appeals resulted from, for example, a third-party's intentional conduct, *cf. Valverde v. Stinson*, 224 F.3d 129, 133-34 (2d Cir. 2000) (intentional confiscation of legal papers by corrections officer "'extraordinary' as a matter of law"), or absent evidence that the New York Court of Appeals did not notify Petitioner of its decision in a reasonably prompt manner, *see Diaz*, 515 F.3d at 154 (noting that the record contained evidence of when the state court mailed its decision), the Court would water down the requirements for equitable tolling if it concluded that the unexplained 36-day delay in this case was "extraordinary."  The Second Circuit has reminded district courts that "equitable tolling applies only in rare and exceptional circumstances," *Valverde*, 223 F.3d at 133 (quotations, brackets, and ellipsis omitted), and a delay that, on its face, appears to be the unfortunate result of routine prison mailing delays would significantly weaken that principle.

The Court therefore concludes, as Magistrate Judge Foschio did, that Petitioner's petition is untimely.  See 28 U.S.C. § 2244(d)(1).  The Court also concludes that Petitioner has not shown that there are "extraordinary circumstances" that might warrant equitably tolling AEDPA's limitations period.  The Court therefore declines to equitably toll AEDPA's limitations period.

When a district court "enters a final order adverse to the [petitioner]," the court "must issue or deny a certificate of appealability" pursuant to 28 U.S.C. § 2253(c).  Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. And "[w]hen, as here, the district court denies [habeas] relief on procedural grounds, the petitioner seeking a [certificate of appealability] must show both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Section 2253's first

requirement–that the petition arguably "states a valid claim of the denial of a constitutional right"–is satisfied where, among other things, "the issues presented were adequate to deserve encouragement to further proceed." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks omitted).  Although it is a close call, at this preliminary screening stage, the Court concludes that the petition satisfies this low hurdle.  Further, "jurists of reason" could reasonably disagree as to whether the Court's procedural ruling is correct in this case.

Thus, pursuant to 28 U.S.C. § 2253(c), the Court issues a certificate of appealability limited to the following question: Whether the unexplained 36-day delay in Petitioner's receipt of the New York Court of Appeals' decision denying his motion for leave to appeal is an "extraordinary circumstance" sufficient to equitably toll AEDPA's limitations period.  The Court's certificate of appealability does not extend to any other procedural aspect of this case, nor does it extend to the merits of Petitioner's claims.  Petitioner may proceed on appeal as a poor person to the extent he appeals the issue identified above.  However, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any matter *other than* the issue described above would not be taken in good faith.

Petitioner is advised that, if he does seek to appeal the Court's order dismissing his petition as untimely, Federal Rule of Appellate Procedure 4(a) provides the procedures and time limits for doing so.  See 2254 Rule 11(b).

The Clerk of Court shall take all steps necessary to close the case.

IT IS SO ORDERED.

        ___s/Richard J. Arcara_____
        HONORABLE RICHARD J. ARCARA
        UNITED STATES DISTRICT COURT

Dated: October 7, 2016